IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff-Respondent, | ) | Case Nos. | CR-03-237-S-BLW |
| | ) | | CV-06-435-S-BLW |
| v. | ) | | |
| | ) | **MEMORANDUM DECISION** | |
| CHRISTIAN RODRIGUEZ-DUENAS, | ) | **AND ORDER** | |
| | ) | | |
| | ) | | |
| Defendant-Movant. | ) | | |
| | ) | | |

Pending before the Court is Defendant-Movant's Motion Under 28 U.S.C.
§ 2255 to Vacate, Set Aside, or Correct Sentence (Docket No. 1) and Application
to Proceed in Forma Pauperis (Docket No. 3).  Having reviewed the record, and
otherwise being fully informed, the Court enters the following Order denying the
Motions.

### REVIEW OF § 2255 MOTION

**A.      Procedural Background and Summary of Claims and Issues**

On October 15, 2003, a five-count Indictment (Docket No. 1 in CR-03-237-
S-BLW) was filed against Defendant-Movant ("Rodriguez") and two co-
Defendants.  Count One charged Rodriguez with conspiracy to distribute more than
50 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A),

and 846, and Count Two charged him with distribution of more than 50 grams of pure methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).  The remaining Counts did not involve Rodriguez.

On December 30, 2003, Rodriguez was arrested in Arizona on other drug charges and subsequently brought to the District of Idaho where he was arraigned on January 27, 2004.  *See Rule 40 Documents* (Docket No. 26), *Arrest Warrant* (Docket No. 28), and *Minutes of Arraignment* (Docket No. 36).  A plea hearing was set on February 24, 2004 for March 4, 2004.  Pursuant to a Plea Agreement, Rodriguez pled guilty to Count Two, the distribution count, which carried a mandatory minimum term of imprisonment of 10 years.  *Plea Agreement* (Docket No. 47) and *Minutes of Plea Hearing* (Docket No. 48).  The Government agreed to dismiss Count 1 in return for the plea.  Among other things, the Government also agreed to file a motion for downward departure under USSG § 5K1.1 if it determined that Rodriguez provided substantial assistance.

At the sentencing hearing on May 20, 2004, the Government moved for a third level reduction for acceptance of responsibility.  *Sent. Tr.* 9.  However, it did not file a § 5K1.1 motion because Rodriguez had failed to provide substantial assistance.  *Sent. Tr.* 6.  Because Rodriguez had more than one criminal history point, he also failed to qualify for the 2-level safety valve reduction under USSG

**Memorandum Decision and Order - 2**

§ 5C1.2.  The Court sentenced Rodriguez to the statutory minimum of 120 months based on a sentencing range of 120-121 months.  *Sent. Tr.* 6; 9.

Rodriguez's subsequent appeal was dismissed in light of what the Ninth Circuit found to be a valid appeal waiver in the Plea Agreement.  *Mem. Dec. of USCA* (Docket No. 94).  He timely filed the within § 2255 Motion following denial of his petition for certiorari.  Rodriguez alleges several grounds for relief, all of which relate to the Government's alleged threat to indict his whole family if he did not plead guilty.  These claims include (1) ineffective assistance of counsel for failing to report the alleged threat to the Court and encouraging him to accept the Plea Agreement; (2) prosecutorial misconduct based on the alleged threat; and (3) invalid and involuntary plea based on the alleged threat.

### B.    Standards of Law

#### 1.    Section 2255 Standard

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to

**Memorandum Decision and Order - 3**

collateral attack."

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a federal district court judge must dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."

If the Court does not dismiss pursuant to Rule 4(b), the Court shall order the Government "to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."

The Court may dismiss the § 2255 motion at other stages of the proceeding such as pursuant to a motion by respondent, after consideration of the answer and motion, or after consideration of the pleadings and an expanded record. *See* Advisory Committee Notes following Rule 8 of the Rules Governing Section 2254 Proceedings incorporated by reference into the Advisory Committee Notes following Rule 8 of the Rules Governing Section 2255 Proceedings.

If the Court does not dismiss the proceeding, the Court then proceeds to a determination under Rule 8 of whether an evidentiary hearing is required. The Court need not hold an evidentiary hearing if the issues can be conclusively decided on the basis of the evidence in the record. *See Frazer v. United States*, 18 F.3d 778, 781 (9th Cir. 1994). Also, a hearing need not be held if the allegations

**Memorandum Decision and Order - 4**

are "palpably incredible or patently frivolous." *Blackledge v. Allison*, 431 U.S. 63, 67 (1977). Rather, a § 2255 motion must allege specific facts which, if true, would entitle an individual to relief. *See United States v. Rodrigues*, 347 F.3d 818, 824 (9th Cir. 2003) (citing *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir.1996)). Where, assuming the truth of the specific factual allegations when viewed against the record, a defendant states a claim upon which relief could be granted, an evidentiary hearing is required to resolve the factual dispute before the Court can make a determination on the merits. *See United States v. Leonti*, 326 F.3d 1111, 1116; 1122 (9th Cir. 2003).

### 2.    Ineffective Assistance of Counsel Standard

A defendant is entitled to effective assistance of counsel at the plea and sentencing stages of a criminal prosecution as well as at trial. *United States v. Leonti*, 326 F.3d at 1116-17. In fact, a defendant is entitled to counsel at all "critical stages" of the criminal process. *Id.*

The well-established two-prong test for evaluating ineffective assistance of counsel claims is deficient performance and resulting prejudice. *See Strickland v. Washington*, 466 U. S. 668 (1984). More specifically, to prevail on an ineffective assistance of counsel claim, a defendant must show that counsel's performance "fell below an objective standard of reasonableness" and that "there is a reasonable

**Memorandum Decision and Order - 5**

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 697.  *See also* *Bell v. Cone*, 535 U.S. 685, 695 (2002).  Mere conclusory allegations are insufficient to state a claim of ineffective assistance of counsel.  *See* *Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989).

In order to establish deficient performance, a defendant must show that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result" or that "counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed the defendant by the Sixth Amendment."  *Strickland*, 466 U.S. at 686-87.  Under the performance prong, there is a strong presumption that counsel's performance falls "with the wide range of reasonable professional assistance."  *Id.* at 689.

In order to establish prejudice, a defendant  must affirmatively prove by a reasonable degree of probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Id.* at 694.  This standard is "highly demanding."  *Kimmellman v. Morrison,* 477 U.S. 365, 381-82 (1986).

The *Strickland* two-part test is applicable to a case in which a defendant contends that his counsel was constitutionally inadequate during the guilty plea

process.  *Hill v. Lockhart*, 474 U.S. 54, 58 (1985).  To show prejudice in the guilty plea context, a defendant must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 58-59.  However, part of the prejudice determination is the likelihood a more favorable outcome at trial.  *Id.*

In evaluating an ineffective assistance of counsel claim, the Court may consider the performance and prejudice components of the *Strickland* test in either order.  *Id.* at 697.  Furthermore, the Court need not consider one component if there is an insufficient showing of the other.  *Id.*

### C.    Discussion

The Government contends that Rodriguez's § 2255 Motion should be dismissed based on the waiver in the Plea Agreement.  Alternatively, the Government contends that it should be dismissed because Rodriguez failed to bring his claims in the district court or on appeal, and because he has failed to establish cause and prejudice for failing to do so.  *Govt. Resp.* at 6 (Docket No. 5).  Before determining whether Rodriguez's claims are barred by the waiver in the Plea Agreement, the Court must address his claim regarding the voluntariness of the Plea Agreement containing the waiver which necessarily, in turn,  involves determining whether Rodriguez is procedurally barred from raising that claim.

**Memorandum Decision and Order - 7**

## 1.    Procedural Default

Rodriguez did not raise the claim of involuntary plea on appeal.  Having failed to do so, his claim is barred absent a showing of cause and prejudice or actual innocence.  *Bousley v. United States*, 523 U.S. 614, 622 (1998).  A defendant can meet the cause requirement by establishing that the prosecution actually communicated threats against his family that caused him to plead guilty.  *United States v. Wright*, 43 F.3d 491, 498 (10th Cir. 1994).  He can meet the prejudice requirement by alleging that he would have proceeded to trial absent the threats against his family.  *Id.*

As sole support for his claim that the Government threatened to indict his whole family if he did not plead guilty, Rodriguez attached to his § 2255 Motion letters to and from defense counsel.  Rodriguez had written to counsel requesting confirmation of certain statements made during the plea negotiations.  In relevant part, his letter stated:

> What I ask you to do is to confirm your representations to me to the effect that the U.S. Attorney told you that if I did not sign the Plea Agreement, the government would indict my wife, my mother and father, my brother and my cousin, and, that in addition, they would import into the Idaho courts a case from Arizona which, I feel, was bogus from the outset.[1]

---

[1]  One of Rodriguez's brothers was a co-defendant.  Another brother was an unindicted co-conspirator.  His cousin was the confidential informant.  *PSR*, ¶¶  24 and 46.

*§ 2255 Motion*, Ex. A.  Defense counsel responded,

> The Asst. U.S. Attorney told me that if you did not sign the plea agreement there were additional charges pending in Arizona that would be filed, but if you agreed to the plea agreement those charges would not be pursued.  I do not have a recollection about other members of the family, but there was some discussion about implicating your wife and although there were no specific allegations made, I was certainly led to believe that your wife could be charged, not that she would be charged.  But I do believe that was a consideration you made in agreeing to the plea agreement.

*§ 2255 Motion*, Ex. B.

Defense counsel's letter offers no support for Rodriguez's claim that the Government threatened to indict any family members other than his wife.  Indeed, Rodriguez appears to have dropped those vague, conclusory claims in his Response.  At most, defense counsel's letter offers weak support that *possibly* the Government threatened to indict Rodriguez's wife if he did not plead guilty and that the threat was a consideration in making the plea.  Rodriguez has met the prejudice requirement having alleged several times that he would have gone to trial on an entrapment issue absent the threats against his wife.  Because there is at least some arguable corroboration for Rodriguez's claim, the Court will assume, without deciding, that the Government had communicated a threat to charge Rodriguez's wife if he did not plead guilty and that threat caused him to plead guilty.

**Memorandum Decision and Order - 9**

Therefore, the Court will address the merits of the claim as it pertains to

Rodriguez's wife only and determine whether the alleged threat to indict his wife

constituted a constitutional violation.

### 2.      Unknowing and Involuntary Plea

A guilty plea is constitutionally valid only if it is "voluntary" and

"intelligent."  *Bousley,* 523 U.S. at 618 (citing  *Brady v. United States,* 397 U.S.

742, 748 (1970)).  A guilty plea is deemed valid when a defendant is advised of the

nature and elements of the charges against him and the possible punishment and

understands that he is waiving his constitutional rights to avoid self-incrimination,

to confront his accuser, and to have a jury decide his case.  *Brady,* 397 U.S. at 749.

Furthermore, to be valid, a plea must not be made based on threats,

misrepresentations, or improper promises.  *Hill v. Lockhart,* 474 U.S. 52, 56.

### a.      Plea Colloquy

The record reflects that the *Brady* requirements for a knowing and voluntary

plea were met.  At the change of plea hearing, the Court advised Rodriguez of the

constitutional rights he would be waiving by pleading guilty, the statutory

minimum and the maximum penalties for the charge to which he was pleading, and

that the sentencing guidelines would affect the range of sentencing.  *Plea Tr.* at 2-

5.  The Court then turned to the written Plea Agreement itself and reviewed the

**Memorandum Decision and Order - 10**

provisions regarding acceptance of responsibility, downward departure for substantial assistance, and waiver of appeal or other challenge to the judgment or sentence of the Court. *Plea Tr.* at 7-8. Rodriguez then stated that he still wished to proceed with his plea of guilty; that no one threatened, coerced, or otherwise forced him to plead guilty; that no one made any promises regarding the sentence; and that he was satisfied with the services of his attorney. *Plea Tr.* at 8-9. The Court reviewed the factual basis of the Plea Agreement, and Rodriguez stated that he agreed with it. *Plea Tr.* at 9-12. He acknowledged that he had read the entire Plea Agreement and discussed it with counsel prior to signing it, that counsel had answered any questions about it, and that he had no further questions of the Court. *Plea Tr.* at 12-13. The Court then found that the plea was knowingly and voluntarily entered. *Plea Tr.* at 13.

Between the colloquy at the plea hearing and the Plea Agreement, Rodriguez was amply advised of the nature and elements of the offense, the possible punishment, and the waived constitutional rights as required by *Brady*, thereby rendering his plea valid absent threats, misrepresentations, or improper promises. Rodriguez, of course, is challenging his plea on that basis. This challenge is based on assertions wholly at odds with his sworn testimony.

Statements made in open court at the time of a plea carry a strong

presumption of verity and are entitled to great weight.  *Chizen v. Hunter,* 809 F.2d

560, 562 (9th Cir. 1986) (citing *Blackledge v. Allison,* 431 U.S. 63, 73-74 (1977);

*see also U.S. v. Kazcynski,* 239 F.3d 1108, 1114-15 (9th Cir 2001) ("substantial

weight" must be given to in-court statements).  Even though that presumption is

not necessarily an insurmountable barrier to an evidentiary hearing, the

"subsequent presentation of conclusory allegations unsupported by specifics is

subject to summary dismissal, as are contentions that in the face of the record are

wholly incredible."  *Blackledge v. Allison,* 431 U.S. 63, 74 (1977) (citations

omitted).

### b.    Alleged Coercion

In direct contradiction to his testimony at the plea hearing, Rodriguez now

asserts (1) that he was entrapped by the Government informant who "hounded him

with phone calls, questionable accidental meetings at social events and clubs" and

who "was trying to prove himself to his handler at the time, rather than paying for

his own crime and felt that a person of the petitioner's [Rodriguez's] caliber should

be easy to 'cut his teeth' with with no backlash or possible repercussion;" (2) that

the "Prosecutor promised that if he goes to trial or make any attempt at going to

trial, his whole family will be charged, indicted and imprisoned;" and (3) that

defense counsel told him that he would get only 97 months rather than 10 years if

**Memorandum Decision and Order - 12**

he pled guilty.   *§ 2255 Motion* at 9.   Rodriguez also claims that he "had no choice

but to accept the plea being offered" because he was concerned that indictment and

arrest of his parents would destroy their lives; that his children's mother's arrest

and possible incarceration could throw them "into the chaotic world of 'Child

Protective Services;'" and that the possible arrest and incarceration of his

"innocent wife" would cause her to lose her job, have no means to adequately care

for the children, and subject herself to the ordeal of "proving herself as a fit mother

with the 'notorious Child Protective Services.'"   *Id.* at 10.

The Court finds that in the face of his sworn statements to the contrary, his

claims of coercion, entrapment, and misrepresentation regarding the length of

sentence to be palpably incredible, patently frivolous, and unsupported by the

record or any affidavits submitted with his § 2255 Motion.[2]   Accordingly, his

---

[2]   The following additional observations reinforce the Court's view that Rodriguez's
claims lack credibility:

1.   Rodriguez claimed that he accepted the Plea Agreement "after months of
agonizing deliberation in order to avoid the pain and sufferings the
government threatened to inflict on his family . . . ."   *§ 2255 Motion* at 23
(¶ 10 of "Truth Affidavit").   Yet the record indicates that barely two
weeks passed between the time he retained counsel and the plea hearing
was set.   *See* Docket Nos. 43 and 45.

2.   Rodriguez's claim that defense counsel told him he would only get 97
months implies that he would have not sought to challenge the
voluntariness of the Plea Agreement had he received that sentence.   The
Court notes that with his offense level of 29 and criminal history category
of II, his sentencing range would have been 97 to 121 months absent the
mandatory minimum of 10 years.   Had he chosen to provide substantial

**Memorandum Decision and Order - 13**

claim of involuntary plea is dismissible without an evidentiary hearing.  *See United States v. Andrade-Larrios*, 39 F.3d 986, 990-91 (9th Cir. 1994) (placing great weight on responses during plea colloquy where defendant provided no supporting affidavits to support claim of threats to prosecute family); *Hincapie Sanchez v. United States*, 50 F.3d 1448, 1455 (9th Cir. 1995) (claim of coercion by representation that wife might be indicted if defendant did not plead guilty was not persuasive where such was denied during the plea hearing);  *United States v. Politte*, 852 F.2d 924, 929 (7th Cir. 1988) (finding court properly relied on facts not in dispute and defendant's comments in plea colloquy).

Alternatively, even if Rodriguez's allegations are taken as true, his claim would fail on the merits.

The Supreme Court has recognized that plea bargaining is a useful and mutually beneficial tool in the criminal justice system and that prosecutors have

---

assistance to the Government, Rodriguez could have been relieved of the mandatory minimum and sentenced to 97 months pursuant to 18 U.S.C. § 3553(e).  However, apparently, he chose not to cooperate.  *See PSR Second Addendum* (Docket No. 6 at 17).

3.   Rodriguez states that the United States Marshal's Service Report of Investigation conclusively shows that his wife was interviewed after his arrest and conviction and not before as the Government implied. However, the report is dated February 26, 2004, prior to the plea hearing. All references to his wife are to conversations or investigatory work occurring in December, 2003, prior to his arrest.

**Memorandum Decision and Order - 14**

wide discretion in deciding whether or not to prosecute a defendant and what charge or charges to file against him along as the prosecutor has probable cause. *See, generally*, *United States v. Goodwin*, 457 U.S. 368 (1982); *Bordenkircher v. Hayes*, 434 U.S. 357 (1978).  However, it has also recognized that offers of adverse or lenient treatment of third persons in the course of the plea negotiations might present a greater danger of false guilty pleas.  *Bordenkircher*, 434 U.S. at 364-65 n. 8.  Referring to that cautionary footnote in *Bordenkircher*, other courts have addressed the issue and determined that threats to prosecute third persons are not unconstitutional if the government acts with "a high standard of good faith." *E.g.*,  *Wright*, 43 F.3d at 498 (citing *Mosier v. Murphy*, 790 F.2d 62, 66 (10th Cir.), *cert. denied*, 479 U.S. 988 (1986)).  That good faith standard is met when the prosecutor has probable cause that the third person whom it threatens to prosecute has committed a crime.  *Id.*  *See also* *United States v. Whalen*, 976 F.2d 1346, 1348 (10th Cir. 1992) (remanding for an evidentiary hearing because the Government had not asserted any grounds for probable cause).[3]

Here, the Government submitted with its Response the investigative report

---

[3]  Worry about a wife's fate may increase a defendant's anxiety regarding sentencing, but that does not equate with duress in the constitutionally impermissible sense.  *Politte*, 852 F.2d at 930.  While the threat of potential indictment of a wife may have an effect on a defendant's decision to plead guilty, a difficult choice such as that is part and parcel of the plea negotiation system.  *Id.* (quoting *Bordenkircher*, 434 U.S. at 364).

**Memorandum Decision and Order - 15**

of the U. S. Marshal's Service indicating that the Government was investigating a charge of harboring a fugitive against Rodriguez's wife. *Govt. Resp.*, Ex. A at 1-2 (Docket No. 6).  To prevail on a charge of harboring a fugitive in violation of 18 U.S.C. § 1071, the Government would have to prove the following elements: (1) that a federal warrant had been issued for the Rodriguez's arrest; (2) that his wife had knowledge that a warrant had been issued; (3) that his wife actually harbored or concealed him; and (4) that she intended to prevent his discovery or arrest. *United States v. Yarbrough*, 852 F.2d 1522, 1543 (9th Cir. 1988).

Here, the record reflects that an arrest warrant was issued against Rodriguez on October 16, 2003.  Docket No. 28.  The record also reflects that warrants were issued against the two co-Defendants, one of whom was Rodriguez's brother, on the same date.  His brother was arrested on November 5, 2003.  Docket No. 11. The other co-Defendant was arrested on November 7, 2003.  Docket No. 10. Rodriguez's wife had knowledge that the warrant was issued at least as of the date she spoke with the deputy U.S. Marshals.  However, given that co-Defendants had already been arrested, it is reasonable to assume that she knew or at least suspected that a warrant had been issued for her husband.

False statements alone do not constitute the active conduct of hiding or secreting a fugitive required by the statute.  *United States v. Magness*, 456 F.2d

976, 978 (9th Cir. 1972).  However, those statements coupled with Rodriguez's wife's actions in clearing out their Caldwell home and transporting their possessions to Arizona could constitute harboring.  *See United States v. Hill*, 279 F.3d 731, 737-38 (9th Cir. 2002) (wife's provision of shelter, employment, money, and food and attempt to have possessions delivered to Mexico was self-evidently intended to assist husband in evading arrest).

The report indicates that Rodriguez's wife lied to the Deputy Marshal, among other things, about his whereabouts at the same time she was planning to move to Arizona to join him.  *Govt. Resp.*, Ex. A at 1-2 (Docket No. 6). Furthermore, she apparently orchestrated their move to Arizona.  Rodriguez stated to the Probation Officer that he relocated to Idaho in 1997 and moved to Mexico in October, 2003.  PSR, ¶ 47.  This conflicts with information he gave the pre-trial services officer after his arrest that his wife and her children were living with him in Arizona at the time of his arrest.  Be that as it may, an inference can be drawn that moving to either Mexico or Arizona shortly after the arrest warrants were issued or his brother and other co-Defendant were arrested was done to evade authorities.

While the Government may not have ultimately proven the charge, they appear to have had probable cause to charge Rodriguez's wife at the time of the

**Memorandum Decision and Order - 17**

plea negotiations.  Accordingly, Rodriguez's claim must fail on the merits.

The Court finds that Rodriguez's plea was entered into knowingly and voluntarily.  Therefore, the Court must now consider the enforceability of the waiver contained in the Plea Agreement.

### 2.      Waiver of Right to File § 2255 Motion.

A defendant may waive his statutory right to file a § 2255 motion challenging his sentence.  *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir.), *cert. denied*, 508 U.S. 979 (1993).  However, a plea agreement must expressly state that the right to bring a § 2255 motion is waived in order for the waiver to be valid. *United States v. Pruitt*, 32 F.3d 431 (9th Cir. 1994) (finding that language in plea agreement that "he will not appeal whatever sentence is imposed by the court" did not constitute a waiver of the right to bring a § 2255 motion).  Nevertheless, even an express waiver may not bar an ineffective assistance of counsel claim challenging the knowing and voluntary nature of the plea agreement or the voluntariness of the waiver itself.  *See United States v. Jeronimo*, 398 F.3d 1149, 1156 n.4 (9th Cir.), *cert. denied*, 126 S.Ct. 198 (2005) (leaving open possibility of ineffective assistance of counsel claim challenging validity of waiver itself); *see also Washington v. Lampert*, 422 F.3d 864, 871 (9th Cir. 2005), *cert. denied*, 126 S.Ct. 1778 (2006) (definitively holding in a § 2254 proceeding that waiver is

**Memorandum Decision and Order - 18**

unenforceable with respect to an ineffective assistance of counsel claim that

challenges the voluntary and intelligent nature of the waiver itself).

Here, the Plea Agreement contained a provision whereby Rodriguez waived

his appeal and § 2255 rights.  In relevant part, that provision is:

> The defendant is also aware that under certain
> circumstances a defendant has the right to collaterally
> challenge defendant's sentence through a habeas petition
> such as a motion pursuant to Title 28, United States
> Code, Section 2255.  Acknowledging this, in exchange
> for the other terms of this Agreement, the defendant
> knowingly and voluntarily gives up (waives) defendant's
> right to contest defendant's pleas, conviction, or sentence
> in any post-conviction proceeding, including any
> proceeding authorized by Title 28, United States Code,
> Section 2255, except as to an appeal claiming ineffective
> assistance of counsel based upon facts discovered <u>after</u>
> the entry of defendant's guilty pleas.

*Plea Agreement*, ¶ VII, p. 8 (Docket No. 47) (emphasis in original).  Clearly, this

language complies with the *Pruitt* requirement that the language expressly refer to

a § 2255 proceeding in order for the waiver to be effective.  At the change of plea

hearing, the Court, referring to that paragraph, asked Rodriguez if he understood

that he was giving up his right to file any challenge to the judgment and sentence

except as to the narrow areas specified.  *Plea Tr.* 8.  Rodriguez stated he

understood and said that he still wished to plead guilty.  *Id.*  When asked if anyone

threatened, coerced, or otherwise forced him to plead guilty, he responded, "No."

**Memorandum Decision and Order - 19**

*Id.* at 8-9.  Although Rodriguez challenged the voluntariness of the Plea Agreement, he did not specifically challenge the waiver provision.

Based on the language of the waiver provision and the colloquy with Rodriguez regarding that language, the Court concludes that the waiver is enforceable thus barring remaining Rodriguez's claims since they are based on facts known to him before entry of his plea.

**D.     Conclusion**

The issues raised by Rodriguez can be conclusively decided on the basis of the evidence in the record.  Accordingly, his claims shall be dismissed for the reasons stated herein without an evidentiary hearing.

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that Defendant-Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket No. 1) is DENIED and Case No. CV-06-435-S-BLW is DISMISSED.

IT IS FURTHER HEREBY ORDERED that Defendant-Movant's

Application to Proceed in Forma Pauperis (Docket No. 3) is MOOT.

DATED:  **April 30, 2007**



Honorable B. Lynn Winmill
Chief U. S. District Judge